UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Danilo Becerra | Karen Joynt | |

**Proceedings:** MOTIONS *IN LIMINE* (Dkt. Nos. 33–36, filed February 23, 2015)

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Perry Alan Ball filed the instant lawsuit on October 18, 2013 against defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LACSD"), Deputy Leticia Garcia ("Garcia"),[1] Leroy David "Lee" Baca ("Baca"), and Does 1 through 10. Plaintiff alleges that on September 15, 2012, defendants arrested and handcuffed him using unreasonable and excessive force, injuring his left wrist. See generally Compl. Defendants maintain that plaintiff was arrested on a lawful bench warrant for failure to appear, and that no excessive force was used or caused plaintiff's injuries. See Dkt. No. 33 at 3. Following a stipulation between the parties, the remaining claims against the named defendants in this action are (1) violation of plaintiff's Fourth Amendment right to be free from unreasonable search or seizures, brought pursuant to 42 U.S.C. § 1983 against Garcia; (2) battery against Garcia and the County; and (3) negligence against Garcia and the County. See Dkt. No. 31.

A trial in this matter is currently scheduled to begin on April 21, 2015. This order addresses motions *in limine* filed by the parties on February 23, 2015. The Court held a hearing on these motions on March 23, 2015. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1]Garcia was originally named as "Officer Jane Doe"; Garcia was substituted for the Doe defendant pursuant to a stipulation between the parties. Dkt. Nos. 23, 24, 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

**II. DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT DISCLOSED UNDER FED. R. CIV. P. 26 (Dkt. No. 33)**

Federal Rule of Civil Procedure 26 governs civil litigants' disclosure obligations during discovery. Rule 26(a)(1)(A) states in part:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would solely be for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(B)(i)–(ii). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The party facing exclusion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

evidence has the burden of showing that the failure to disclose was justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id. at 1106.

  Plaintiff served his initial Rule 26 disclosures on January 17, 2014. See Dkt. No. 33 Ex. 1. Plaintiff identified as persons having discoverable information (1) plaintiff himself, (2) the County, (3) LACSD, (4) Officer Jane Doe (later stipulated to be Garcia), (5) Baca, and (6) "unknown deputies, sergeants, commanders, who conducted the arrest warrant of plaintiff." Id. at 2–3. Plaintiff identified the documents, electronically stored information, and tangible things supporting his claims or defenses as (1) the complaint, (2) medical records, (3) the related criminal docket, and (4) a warrant allegedly in defendants' possession. Id. at 3–4. Plaintiff attached to these disclosures twenty-seven pages of documents that included (1) medical records by physician Dr. Ali, dated November 7, 2012; (2) correspondence by Dr. Ali, dated November 20, 2012; (3) a final "legal-medical report" by Dr. Ali, dated April 24, 2013; (4) an invoice from Dr. Ali listing charges from November 7, 2012 through April 24, 2013; (5) a citation and notice for plaintiff to appear numbered "95945"; and (6) plaintiff's booking and property record and claim for damages. See Dkt. No. 33 Ex. 2 (Joynt Decl.) ¶ 4.

  Defense counsel declares that plaintiff "never supplemented these disclosures" as required by Rule 26(e)(1)(A). Id. ¶ 5. Defendants argue that plaintiff should be precluded from (1) calling any witness not identified in plaintiff's initial disclosures and (2) offering any documentary evidence not identified in his initial disclosures, including any medical records not produced concurrently with those disclosures.

  Plaintiff responds that although some of the evidence he seeks to introduce "may have not found its way into the Disclosure[,] all evidence without waiting for request was supplied" to defense counsel. Plaintiff represents that he supplied the name, address, and phone number of additional witness Anthony Ortega "without request," and advised Ortega "to speak with any investigator." Plaintiff further states that "[a]ny medical records to the best of [plaintiff's] counsel's understanding" were either supplied to or subpoenaed by defense counsel, and that there are "no records or witnesses that have been hidden." Dkt. No. 42 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

The instant motion does not provide a persuasive reason for excluding any witnesses or evidence because (1) defendants appear to have been informed in some capacity about the additional witnesses and evidence and (2) defendants have not identified any prejudice or disruption of trial that would result from permitting such evidence. At the hearing on these motions, the Court distributed a tentative order inviting defendants' counsel to elaborate on any prejudice caused by plaintiffs' late disclosures, or request any further depositions that defendants need to conduct as a result. Defendants did not identify any prejudice or need for depositions during oral argument. Accordingly, the Court **DENIES** defendants' motion.

### III. DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ABOUT THE SOURCE OF THE WARRANT (Dkt. No. 34)

"Only relevant evidence, defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence,' is admissible in federal court." Boyd v. City & Cnty. of San Francisco, 576 F.3d 938, 943 (9th Cir. 2009) (citing Fed. R. Evid. 401 & 402)). "Otherwise relevant and admissible evidence may still be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " Id. at 947 (quoting Fed. R. Evid. 403).

The parties appear to agree that plaintiff was arrested on a $30,000 bench warrant for failure to appear on a citation for a municipal code violation regarding leashing plaintiff's dog. See Dkt. No. 34 at 2; Dkt. No. 43 at 3. Defendants state that it is "unknown why the judicial officer executed the warrant in that amount," but that it is "undisputed that Deputy Garcia [had] no discretion regarding a warrant in that amount." Dkt. No. 34 at 2. Defendants anticipate that plaintiff will nevertheless want to introduce evidence or argument pertaining to the purpose and amount of the warrant, and its perceived injustice. Defendants argue that the "reason for the warrant and the amount of the warrant are not relevant to this suit" because there is no cause of action pertaining to a false arrest, and that any comment by plaintiff on the nature and amount of the warrant "would be solely to engender the sympathy of the jury." Id. Defendants also argue that should plaintiff introduce such evidence, defendants would be entitled to introduce rebuttal evidence to explain the amount and why Garcia had no control over it, and would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

need to seek a special jury instruction to avoid unfair prejudice. Therefore, defendants argue that the evidence, even if relevant, should be excluded under Rule 403. Finally, defendants argue that plaintiff should not be allowed to introduce the source of the warrant to show his good character through the fact that he was only being arrested in connection with a dog-related ordinance violation. See Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

Plaintiff responds that evidence of the source of the warrant is relevant because it shows that Garcia "was not arresting a hardened criminal and that when complaints of pain were made she should have taken prompt action to alleviate that pain." Dkt. No. 43 at 3–4. Plaintiff argues that "[i]f the jury is left in the dark as to . . . the issuance of the warrant then they may very well speculate that [plaintiff] was highly dangerous and that [Garcia] was acting properly." Id. at 4.

The Court concludes that plaintiff should be permitted to state that Garcia was executing a bench warrant issued for plaintiff's failure to appear at a legal proceeding. This fact has some probative value, in that the jury may otherwise presume that Garcia was executing an arrest warrant issued on the basis of a criminal act. Plaintiff may not, however, present evidence or argument as to the nature of the legal proceeding at which he failed to appear, or the amount of the bench warrant. Any limited relevance of this evidence to the claims at issue is substantially outweighed by its potential to prejudice defendants by eliciting sympathy from the jurors, confusing the issues, and wasting time at trial. In accordance with the foregoing, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

**IV.    PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO THE CIRCUMSTANCES OF THE DEPARTURE OF PLAINTIFF'S EXPERT RICHARD LICHTEN FROM HIS POSITION AT THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (Dkt. No. 35)**

Richard Lichten ("Lichten") is plaintiff's police practices expert, and a former employee of LACSD. Lichten retired in February 2008. At this time, an LACSD secretary had filed a complaint accusing Lichten of engaging in an improper relationship with her and masturbating in her office when she was not present. Plaintiff represents that there was no investigation of the complaint and no discipline levied against Lichten,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

and that Lichten never gave any false testimony under oath regarding the alleged inappropriate behavior. Dkt. No. 35 at 3–4. This alleged misconduct was the subject of a lawsuit, which Lichten settled. Dkt. No. 44 at 2 & Ex. 1.

Plaintiff argues that evidence of Lichten's alleged impropriety should be excluded from trial because it is not probative of any fact at issue in this case, and does not bear on Lichten's qualifications as an expert. Plaintiff also contends that evidence of the allegations, which never resulted in a formal finding of guilt, would be unfairly prejudicial because "sexual misconduct allegations are highly inflammatory, and likely to arouse passions and prejudices against the accused." Dkt. No. 35 at 4. Plaintiff therefore moves the Court to prohibit defendants from introducing any evidence or arguments regarding the circumstances of Lichten's departure from LACSD.

In opposition, defendants argue that the evidence plaintiff seeks to exclude is relevant to show Lichten's bias against defendants. See United States v. Abel, 469 U.S. 45, 51 (1984) (holding that evidence of a witness's bias is relevant because it has a "tendency to make the facts to which he testified less probable in the eyes of the jury"). Defendants argue that, if asked, Lichten would testify that he resigned because of the sexual misconduct complaint, that there was an active investigation into that complaint at the time of his retirement that could have negatively affected his retirement benefits, and that he did masturbate in his secretary's office. Defendants reason that a person forced to resign after a lengthy career, as they maintain Lichten was, "would have some underlying contempt for [his former employer] that could affect [his] testimony and opinions." Defendants assert that because LACSD is a defendant in this matter, and because Lichten has been designated as an expert, evidence of his potential bias against LACSD "is not only relevant but critical to the jury's accurate analysis of his opinion." Dkt. No. 44 at 2–3.

As to potential unfair prejudice, defendants concede that the contemplated evidence "is somewhat salacious" but maintain that "it can be explored in just a few questions [on] cross examination." Defendants argue in the alternative that the Court can "sanitize" the inquiry into Lichten's potential bias by allowing defendants to inquire into the circumstances of his departure—such as the existence of an investigation and that investigation's likely outcome and consequences—without referring specifically to sexual misconduct. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

The evidence defendants seek to introduce has some relevance; indeed, "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." Abel, 469 U.S. at 52.  Moreover, "[b]ias may be induced by a witness' . . . dislike . . . of a party." Id.  Nevertheless, the details of Lichten's potential reasons for bias against LACSD are highly inflammatory and carry the potential to confuse the jury, as well as waste time at trial on a collateral matter. Therefore, the Court concludes that the best course is to permit defendants to ask Lichten only whether, at the time he retired, a complaint for misconduct had been made against him.  Defendants may not introduce evidence of or ask about the details of this complaint, or otherwise offer evidence or argument pertaining to alleged sexual misconduct.  In accordance with the foregoing, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

V.   **PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PLAINTIFF'S PRIOR ARREST OR CONVICTION RECORD, AND OF ANY CALLS FOR ASSISTANCE (Dkt. No. 36)**

Through this motion, plaintiff seeks to exclude any evidence or argument referring to plaintiff's prior arrests or convictions, and of any previous calls for assistance to plaintiff's home.  Plaintiff argues that such evidence is irrelevant to whether Garcia acted reasonably in forcefully handcuffing him and ignoring his complaints of pain, and would prejudice him by suggesting that he was a "trouble maker requiring the intervention of police."  Plaintiff also argues that such evidence could confuse the jury or cause jurors to decide the case based on a perception that plaintiff acted in conformity with a bad character, and that evidence of the prior arrests or convictions—as well as anticipated rebuttal evidence offered by plaintiff—would waste time at trial.  Dkt. No. 36 at 5–8.

   A.   **The Alleged June 24, 2011 Incident**

Defendants respond that some of the evidence plaintiff seeks to preclude is relevant and admissible for non-propensity purposes.  First, defendants seek to introduce evidence that on June 24, 2011, plaintiff punched Jason Westerfield thirteen times, causing Westerfield's hospitalization.  Defendants argue that this evidence is relevant because during interviews subsequent to the events that form the basis for the instant lawsuit, plaintiff "denied prior fighting and/or injuries to his hand."  Defendants contend that such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

statements were "clearly not true" and that the June 24, 2011 incident "was a possible alternative cause of Plaintiff's injury," and that defendants should be able to probe this potential causation through questions posed to plaintiff and medical experts, and through supporting exhibits. Dkt. No. 45 at 2.

Defendants have not pointed to any medical evidence that links plaintiff's injuries to the alleged June 24, 2011 incident. In the absence of such evidence, the Court will not permit defendants to introduce evidence of this incident—which occurred over sixteen months before plaintiff apparently sought medical treatment in connection with his alleged injuries—and speculate that it caused the claimed injuries.[2] At oral argument, however, defendants' counsel represented that defendants had only recently been able to depose plaintiff's medical expert, and that defendants anticipated being able to offer medical evidence that could support defendants' theory that the injuries were caused by the earlier incident rather than Deputy Garcia's conduct. Defendants' counsel requested that the Court make its ruling on this motion without prejudice to such a showing; plaintiff's counsel did not object, and the Court finds this request reasonable. Therefore, plaintiff's motion is **GRANTED** insofar as it seeks to preclude evidence or mention of the alleged June 2011 incident, but without prejudice to defendants reopening the matter based on medical evidence that would support a causal link between the alleged incident and plaintiff's claimed injuries.

### B. The Alleged January 24, 2015 Incident

Second, defendants seek to introduce evidence that on January 24, 2015, plaintiff was arrested for felony assault on a peace officer when he raised a brick with his left hand in an attempt to strike a Glendora Police Officer. Defendants contend that this incident contradicts plaintiff's claims (and expected medical evidence) that the injuries he sustained at the hands of Garcia "prohibit [sic] his grip and his ability to lift his arm."

---

[2]Even if evidence of preexisting injuries did exist, the Court notes that it would be unlikely to admit evidence or argument that the preexisting injuries were caused by fighting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

Defendants also seek to introduce evidence of the January 24, 2015 incident to show that plaintiff has "failed to mitigate his damages." Dkt. No. 45 at 3.³

The Court concludes that the question of this evidence's admissibility is better resolved in the context of trial. Although defendants assert that plaintiff's grasping of a brick and raising of his arm are inconsistent with his claimed injuries, the extent of the injuries plaintiff will claim at trial is unclear. To illustrate, the fact that plaintiff was allegedly able to raise a brick with his left hand would be inconsistent with the claim that plaintiff's left hand is paralyzed, but not necessarily inconsistent with the claim that plaintiff merely experiences pain when he grasps a heavy object. Nor has defendant explained how this obviously prejudicial evidence should be admissible to show that plaintiff has "failed to mitigate his damages." Whether the evidence is admissible for either of these purposes will be easier to determine at trial, once plaintiff has presented testimony and other evidence as to his claimed injuries. Accordingly, the Court reserves judgment on plaintiff's motion insofar as it seeks to exclude evidence of the alleged January 24, 2015 incident.

### C. Testimony From Plaintiff's Former Neighbors as to Alleged Prior False Accusations

Finally, defendants seek to call three of plaintiff's former neighbors, two of whom "were percipient witnesses to the arrest at issue" in this case. Defendants represent that these neighbors will testify to plaintiff's "previous misbehavior[] including wrongfully accusing [the neighbors] and the others of crimes." Defendants argue that such testimony is relevant to support defendants' theory that plaintiff wrongfully accused Garcia of misconduct, and to attack plaintiff's credibility as a witness pursuant to Federal Rule of Evidence 608.

To the extent defendants wish to introduce testimony that plaintiff falsely accused his former neighbors of crimes, in order to show that plaintiff falsely accused Garcia of misconduct in this case, such evidence is improper under Federal Rule of Evidence 404. See Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not

---

³Defendants represent that they will not seek to introduce a subsequent conviction for the January 24, 2015 incident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**             'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); id. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Defendants have not proffered any permissible non-propensity reason for admitting such testimony as substantive evidence. See id. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").

To the extent that defendants seek to introduce the neighbors' testimony of alleged prior false accusations to attack plaintiff's credibility as a witness, that attempt is also improper. Federal Rule of Evidence 608 permits a witness's credibility to be "attacked . . . by testimony about the witness's reputation for having a character for . . . untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a) (emphasis added). But the rule specifically prohibits the use of "extrinsic evidence . . . to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Id. 608(b).[4] Therefore, the Court **GRANTS** plaintiff's motion insofar as it seeks to preclude defendants from offering testimony from plaintiff's neighbors as to specific prior alleged instances of false accusations of crimes or other misconduct.

To the extent that plaintiff's motion seeks to exclude evidence of other prior arrests, convictions, or other alleged bad acts not specifically addressed by defendants in their opposition, the Court **GRANTS** plaintiff's motion without prejudice to defendants

---

[4]Defendants are permitted to inquire about specific instances of conduct bearing on character for truthfulness during cross-examination. Fed. R. Evid. 608(b). However, the examining party is "stuck with whatever response" the witness gives in that the party can "attempt on further cross examination to elicit" the desired response, but cannot "properly impeach [the witness] through extrinsic evidence." United States v. Brooke, 4 F.3d 1480, 1484 (9th Cir. 1993) (quoting United States v. Bosley, 615 F.2d 1274, 1276–77 (9th Cir. 1980)); see United States v. Jackson, 882 F.2d 1444, 1448 (9th Cir. 1989) (explaining that Rule 608(b) "has been interpreted to prohibit the admission into evidence of documents or testimony by another witness to prove prior misconduct not resulting in a conviction").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-07739-CAS(FFMx) | Date | March 23, 2015 |
|---|---|---|---|
| Title | PERRY ALAN BALL v. COUNTY OF LOS ANGELES, ET AL. | | |

making a showing at trial that plaintiff has opened the door to such evidence, or that the evidence is otherwise admissible.

## VI. CONCLUSION

In accordance with the foregoing, defendants' motion to exclude evidence not disclosed under Federal Rule of Civil Procedure 26 (Dkt. No. 33) is **DENIED**. Defendants' motion to exclude evidence about the source of the warrant (Dkt. No. 34), and plaintiff's motion to preclude reference to the circumstances of Lichten's departure from LACSD (Dkt. No. 35) are **GRANTED IN PART** and **DENIED IN PART**, as specifically set forth above. Plaintiff's motion to preclude evidence of plaintiff's arrests, convictions, and calls for assistance to plaintiff's home is **GRANTED IN PART** as set forth above.

Additionally, as discussed at the hearing on these motions, the parties are to inform the Court no later than **March 30, 2015** whether they plan to consent to trial of this case before a magistrate judge.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |